Argued and submitted February 22, affirmed on petition and cross-petition
June 5, 1985

In the Matter of the Compensation of
Leia D'Lyn, Claimant.
STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Petitioner - Cross-Respondent,*

*v.*

D'LYN,
*Respondent - Cross-Petitioner.*
(82-00864, 82-03225; CA A31592)
701 P2d 470

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for petitioner - cross-respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Robert K. Udziela, Portland, argued the cause for

respondent - cross-petitioner. With him on the brief were David A. Hytowitz, and Pozzi, Wilson, Atchison, O'Leary and Conboy, Portland.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

SAIF petitions for judicial review of a Workers' Compensation Board order which found that claimant was a subject worker at the time of her 1981 hospitalization and that her employment activities were the major cause of her condition. ORS 656.128(1). The dispositive issue is whether claimant effectively communicated to SAIF her election to be covered as a sole proprietor. On *de novo* review, we conclude that she did and affirm.

Claimant is a licensed real estate broker. Before the onset of her psychosis, she began working for Willister Court Apartments as a resident apartment manager. There is no dispute that, as to Willister Court, claimant was a subject employe covered under the Workers' Compensation Act. Her supervisor at Willister Court was JoAnn Davis. Claimant and Davis, a licensed real estate sales agent, decided to go into the apartment management business together. They formed a new business entity under the assumed business name of D Plus Properties. This business relationship put claimant in the position of being Davis' supervisor, although Davis was still claimant's supervisor at Willister Court, where claimant continued working.

In early November, 1981, claimant contacted SAIF to obtain workers' compensation coverage for herself and Davis. She was informed by SAIF that it would cost $60 to open the account, $71 to cover Davis as an employe and $154 to cover herself as a sole proprietor. On November 6, claimant completed SAIF's application form and sent SAIF a check for $285. SAIF cashed the check. SAIF's application form provides:

"This application does not provide personal coverage to an individual owner, partners or bona-fide corporate officers. If this additional coverage is needed a special application will be provided upon request."

Claimant testified that she received no other forms from SAIF and that she would have submitted any forms that SAIF required.

On November 18, SAIF sent claimant a letter informing her that coverage was effective November 12. The letter also stated in general terms that owners and partners were not

covered. Claimant testified that she had not seen that letter before the hearing. On November 24, SAIF sent claimant another letter. It stated:

"Individual proprietors or partners are personally covered only if their names appear as a payroll description above."

The payroll description read: "Real Estate Agency—Agent/ Salespersons." Claimant testified that she assumed that her coverage was in force, because that description fit her. SAIF did not send her the "personal election" form which it contends is necessary to extend coverage to a sole proprietor.

On December 3, claimant was hospitalized for treatment of an acute psychotic episode. On December 8, she filed this workers' compensation claim. SAIF denied the claim on the ground that she had not filed a personal election application. It also refunded her premium. The parties agree that, if claimant is covered as the owner of D Plus Properties, her illness is compensable. SAIF concedes that it was aware from the outset that claimant wanted coverage as a sole proprietor.

The referee concluded that SAIF was estopped to deny that claimant is a subject worker. The Board affirmed that conclusion, but not on the estoppel theory. The Board concluded that claimant's application, together with certain notations made thereon by SAIF employes, constituted an effective personal election for coverage. We agree.

Under ORS 656.027(7), sole proprietors are "nonsubject workers," who do not come within the protection of the Workers' Compensation Act. However, they may elect to be protected. ORS 656.128 provides in relevant part:

"(1)   Any person who is a sole proprietor, or a member of a partnership, may make written application to an insurer to become entitled as a subject worker to compensation benefits. Thereupon, the insurer may accept such application and fix a classification and an assumed monthly wage at which such person shall be carried on the payroll as a worker for purposes of computations under this chapter.

"(2)   When the application is accepted, such person thereupon is subject to the provisions and entitled to the benefits of this chapter. The person shall promptly notify the insurer whenever the status of the person as an employer of subject workers changes. Any subject worker employed by such a person after the effective date of the election of the

person shall, upon being employed, be considered covered automatically by the same guaranty contract that covers such person."

The Board reasoned:

"Claimant argues, and we agree, that although ORS 656.128(1) requires that a sole proprietor make a written application for workers' compensation coverage, there is nothing in the statute which requires that any specific type of form, such as SAIF's special personal election form, be utilized. Claimant did complete a written application for workers' compensation insurance. That application contained notations from a SAIF employe indicating that SAIF's charges and the estimated payroll were intended to be for a personal election and one employe. SAIF's internal memorandum dated December 28, 1981 is a virtual admission that the application was intended as a personal election. Claimant's check in the amount of $285, which was cashed by SAIF, was the exact amount which would have been necessary for a personal election and one employe in relation to the estimated payroll of D Plus Properties. We conclude that claimant's written application for workers' compensation insurance together with the notations written on the top of that application by a SAIF employe constitute a sufficient written application pursuant to ORS 656.128 (1). We also conclude that SAIF accepted that application when it cashed claimant's check in the appropriate amount."

We agree with the Board's opinion and adopt it.

Claimant cross-petitions for judicial review of the Board's conclusion that her psychological illness was not due to her employment at Willister Court Apartments. Claimant conceded at oral argument that, should she prevail in this court on SAIF's petition, her cross-petition would be moot.

Affirmed on petition and cross-petition.