TOOKEY, J.
*716 This workers' compensation case is about whether claimant Mark Pilling was a "subject worker" entitled to benefits under the Workers' Compensation Act. Claimant seeks review of an order of the Workers' Compensation Board reversing an order of an administrative law judge (ALJ) and holding that he is not a subject worker entitled to workers' compensation coverage for a work-related injury, because he was a partner in the business at the time of the injury and had not applied for or made an election of coverage. See ORS 656.027(8) (excluding certain partners from the category of "subject worker"); ORS 656.128(1) (providing that a member of a partnership may apply in writing for workers' compensation coverage). We review the board's order for substantial evidence and legal error, ORS 656.298(7) and ORS 183.482(8), conclude that the order is supported by substantial evidence and that the board did not err, and affirm.
For context, we briefly set out the relevant statutory provisions. All "workers" subject to ORS chapter 656 are entitled to workers' compensation benefits for work-related injuries or illnesses. ORS 656.005(30) defines a "worker" as
*254 "any person, including a minor whether lawfully or unlawfully employed, who engages to furnish services for a remuneration, subject to the direction and control of an employer and includes salaried, elected and appointed officials of the state, state agencies, counties, cities, school districts and other public corporations[.]"
ORS 656.027 sets forth a lengthy list of "workers" who are not "subject" to ORS chapter 656. Business partners and sole proprietors are among those who are excluded, unless they elect to be covered. ORS 656.027 provides:
"All workers are subject to [ORS chapter 656] except those nonsubject workers described in the following subsections:
"* * * * *
"(7)(a) Sole proprietors[.]
"* * * * *
"(8) * * * [P]artners who are not engaged in work performed in direct connection with the construction, alteration, *717 repair, improvement, moving or demolition of an improvement on real property or appurtenances thereto."
ORS 656.128 permits an application for coverage by a sole proprietor or partner:
"(1) Any person who is a sole proprietor *** or a member of a partnership *** may make written application to an insurer to become entitled as a subject worker to compensation benefits."
Additionally, under ORS 656.039, an employer can elect coverage for an otherwise nonsubject worker.
With that statutory context, we summarize the facts as found by the ALJ and adopted by the board. Claimant was injured on the job while working for ACTMESS, a business that he operates with his wife, Sandra, and that specializes in the sale, installation, and service of satellite communication systems. ACTMESS was previously organized as a partnership of claimant and Sandra until 2005, when Sandra registered ACTMESS as a sole proprietorship, with Sandra as its owner and claimant as the only employee. In ACTMESS's day-to-day operations, claimant provided the technical expertise and labor for the installation, service, and repair of systems, and Sandra handled the business end, including communicating with clients, bidding on and scheduling jobs, and overseeing finances, bookkeeping, and clerical functions. Sandra also occasionally assisted claimant in the field. Neither claimant nor Sandra ever received a paycheck from ACTMESS. Instead, Sandra testified, the proceeds of the business were used first to pay business expenses and then the family's expenses. Claimant and Sandra filed a joint personal income tax return for 2012 showing zero taxable income. Under "occupation," the return stated that Sandra was "self-employed disabled" and that claimant was disabled. On Schedule C of the return, Sandra reported a gross profit of $17,668 from ACTMESS and a net loss of $16,032, with no wages paid.[1]
*718 In 2012, the City of Portland entered into a contract with ACTMESS for the installation of a satellite system and required ACTMESS to have workers' compensation and liability insurance. Sandra applied for a policy with Travelers Insurance Company in her name, doing business as ACTMESS, and told the agent that she wished to obtain workers' compensation coverage for claimant, who she listed as ACTMESS's only employee.
Travelers determined the insurance premium based on Sandra's description of claimant's and Sandra's job duties. Although ACTMESS had never paid claimant wages, on *255 Travelers' request, Sandra provided information that
"$1500 of *** payroll can be put toward this if needed. There is only one employee and he does everything."
Under "remarks," the application stated:
"Employee (Mark Pilling, husband) has been computer tech for over 15 years and in this line of business since 1970. Sandra is a small business consultant. They have experience running own business for over 20 years. No employees."
The policy issued by Travelers covered ACTMESS's employees but did not include an endorsement electing coverage for Sandra or any nonsubject workers.
Sandra ordered the necessary hardware for the City of Portland job. She and claimant travelled from their home in La Grande to Portland for the installation, which they expected would take several days. The couple stayed at their daughter's home. On the last day of the job, claimant was injured in a motor vehicle accident while driving to the job site. He sought treatment in the emergency room for head, neck, and shoulder pain and subsequently filed an injury claim with Travelers. Travelers denied the claim. By the time of the hearing, Travelers did not dispute that the injury arose out of and in the course and scope of claimant's employment. But it contended that claimant was not a subject worker, because he and Sandra were partners in the business and claimant was therefore excluded from coverage *719 because there had been no application for or election of coverage under ORS 656.128 or ORS 656.039.
On claimant's request for hearing, the ALJ determined that claimant was a "worker" under ORS 656.005(30). The ALJ found that the "right to control" test was inconclusive as to claimant's employment status, because of claimant's control of his own work schedule and the method and manner of his work, but that the "nature of the work" test indicated an employment relationship. See Rubalcaba v. Nagaki Farms, Inc. , 333 Or. 614, 43 P.3d 1106 (2002) (describing test); Woody v. Waibel , 276 Or. 189, 554 P.2d 492 (1976) (same).
The board adopted the ALJ's findings, as well as its conclusion that claimant was a "worker" under ORS 656.005(30). But the board nonetheless upheld the denial, concluding that claimant was not a "subject worker," because he was a partner in the business with Sandra and had not applied for or elected coverage under ORS 656.128 (describing application by a nonsubject partner) or ORS 656.039 (describing the election of coverage for a nonsubject worker).
In considering whether claimant was a partner, the board referred to the Oregon Revised Partnership Act, ORS chapter 67. ORS 67.005(7) defines a partnership as "an association of two or more persons to carry on as co-owners a business for profit." ORS 67.055 describes factors to be considered in determining whether a partnership exists. As relevant here, the statute provides:
"(1) Except as otherwise provided in subsection (3) of this section, the association of two or more persons to carry on as co-owners of a business for profit creates a partnership, whether or not the persons intend to create a partnership.
"* * * * *
"(4) In determining whether a partnership is created, the following rules apply:
"(a) Factors indicating that persons have created a partnership include:
"(A) Their receipt of or right to receive a share of profits of the business;
*720 "(B) Their expression of an intent to be partners in the business;
"(C) Their participation or right to participate in control of the business;
"(D) Their sharing or agreeing to share losses of the business or liability for claims by third parties against the business; and
"(E) Their contributing or agreeing to contribute money or property to the business.
"* * * * *
"(c) The sharing of gross returns does not by itself create a partnership, even if *256 the persons sharing them have a joint or common right or interest in property from which the returns are derived.
"(d) It is a rebuttable presumption that a person who receives a share of the profits of a business is a partner in the business , unless the profits were received in payment of:
"* * * * *
"(B) Wages or other compensation to an employee or independent contractor[.]"
(Emphasis added.)
In reaching the conclusion that claimant was a partner in ACTMESS, the board explained that it considered the factors described in ORS 67.055(4).[2] The board noted the facts that ACTMESS had never had a payroll and had never paid claimant wages. It noted the undisputed evidence that, after expenses, Sandra and claimant shared the remaining funds for household expenses. The board concluded that, under the factors described in *721 ORS 67.055 4)(a)(A) ("receipt of or right to receive a share of profits of the business") and (D) ("sharing or agreeing to share losses of the business"), the existence of a partnership was "strongly implied." The board stated that its consideration of the other factors- ORS 67.055(4)(a)(B) (expression of intent to be in a business), (C) (participation or right to control), and (E) (contributing or agreeing to contribute money or property to the business)-had provided "no compelling rebuttal to the presumption," "based on claimant's share in business profits," that claimant and Sandra were in business as partners. Based on its finding that claimant was a partner in the business who had not applied for or elected coverage, the board concluded that claimant was a nonsubject worker, and upheld Travelers' denial.
On judicial review, claimant contends that he did not need to apply for or elect coverage for himself, because he and Sandra were not partners, and he was therefore covered by the Travelers policy as a subject worker and as ACTMESS's employee. The question of what constitutes a partnership is a matter of law, but whether a partnership exists under the evidence in the record is a factual determination, unless the court can draw only one inference. Hayes v. Killinger , 235 Or. 465, 470, 385 P.2d 747 (1963) ("What will constitute a partnership is a matter of law, but whether the partnership exists under the evidence is one of fact for the jury, unless, in the opinion of the court, but one inference can be drawn by reasonable men."); Wirth v. Sierra Cascade, LLC , 234 Or. App. 740, 764-65, 230 P.3d 29, rev. den. , 348 Or. 669, 237 P.3d 825 (2010). The question on judicial review is therefore whether substantial evidence supports the board's finding that claimant was in a partnership, as defined under Oregon law, i.e. , that he was a partner in a partnership in an "association of two or more persons to carry on as co-owners a business for profit." ORS 67.055(1) ; ORS 183.482(c) (providing for substantial evidence review).
Claimant contends that it is clear from Sandra's registration of ACTMESS as a sole proprietorship, from Sandra's listing of claimant as an employee on the application for insurance, and from the testimony at the hearing that Sandra was claimant's "boss," that claimant and Sandra did not intend to have a partnership. But, as we pointed out in *722 Wirth , the parties' intentions are not necessarily controlling in determining the existence of a partnership under ORS 67.055 ; "a partnership may be created unintentionally by the parties." Id . at 758, 230 P.3d 29 (citing ORS 67.055(1) ). The parties' "expression of an intent to be partners" is, instead, one of *257 the factors to be considered by the finder of fact in determining whether persons have created a partnership. See ORS 67.055(4)(a)(B).
We have reviewed the record and agree with claimant that there is some evidence from which it might be inferred that Sandra and claimant intended to create an employment relationship; however, there is also substantial evidence in support of the board's finding that claimant and Sandra were co-owners of the business and, therefore, partners. ORS 67.005(1). That includes undisputed evidence of the manner in which the business was operated, in particular, the parties' division and sharing of control and responsibilities, and their rights to share in the profits and losses.
As noted, the board found that the sharing of profits gave rise to a presumption that claimant and Sandra were partners, ORS 67.055(4)(d), implicitly rejecting claimant's contention that profits were "received in payment" of wages. See ORS 67.055(4)(d)(B). That finding is supported by undisputed evidence that claimant never actually received "payment" of any kind; rather, the parties simply used funds remaining after payment of business expenses for household expenses.[3] Based on the foregoing, we conclude that substantial evidence supports the board's finding that claimant was in a partnership under Oregon law.
Alternatively, claimant contends that, if he was a partner, then Sandra's application for workers' compensation insurance was an application for coverage under ORS 656.128(1), which provides, in part:
*723 "Any person who is a sole proprietor, or a member, including a member who is a manager, of a limited liability company, or a member of a partnership, or an independent contractor pursuant to ORS 670.600, may make written application to an insurer to become entitled as a subject worker to compensation benefits."
Under ORS 656.128(1), a partner, who is otherwise a nonsubject worker, ORS 656.027(8), may seek to become entitled to workers' compensation benefits as a subject worker by "written application."[4] We conclude that, in this instance, the application failed to provide the required notification that the insured was seeking coverage for a partner. Sandra's representation on the insurance application that claimant was an employee did not disclose that claimant was a partner, and cannot be squared with the requirement of the statute. We reject claimant's remaining contentions without discussion.
Affirmed.

In view of the fact that the tax return stated that the business had operated at a loss, the ALJ asked the source of claimant's remuneration. Claimant's counsel explained:
"[P]eople would pay compensation to ACTMESS for [claimant's] services when he's putting these satellite dishes up. They factor in an amount for his labor. They factor in an amount for the components that they're presumably selling, then mark it up. Money goes into the hopper. Those expenses were taken out. The rest is what they live on, and that's what it's about."

We note that claimant contends that the definition of "partnership" set forth in ORS 67.055, and the provisions related to the determination of whether a partnership exists in ORS 67.055, do not apply in the workers' compensation context. Although claimant is correct that ORS 67.005 notes that the definitions listed are those "used in this chapter," and that ORS 67.055 includes no statement that the provisions are applicable in a workers' compensation case, we do not agree with claimant's position. The Oregon Revised Partnership Act, ORS chapter 67, sets forth statutory provisions of general applicability to partnerships in this state and, as such, the provisions apply in a variety of scenarios where partnership issues are raised; we conclude that their application in this context is appropriate.

Claimant contends that application of the "presumption" of a partnership in ORS 67.055(4) in the context of determining subjectivity for purposes of workers' compensation impermissibly shifts the burden of persuasion from the employer to the claimant to establish the nonexistence of a partnership, when the existence of a partnership is intended as an affirmative defense that must be established by the employer. Claimant did not raise that argument before the board, and we decline to consider it for the first time on judicial review.

We note that an employer may also "elect" to make nonsubject workers subject workers. ORS 656.039(1) provides, in part:
"An employer of one or more persons defined as nonsubject workers or not defined as subject workers may elect to make them subject workers. If the employer is or becomes a carrier-insured employer, the election shall be made by filing written notice thereof with the insurer with a copy to the Director of the Department of Consumer and Business Services."
Additionally, OAR 436-050-0050(1) provides that a partnership "may elect to provide workers' compensation coverage for otherwise nonsubject workers" and that, if made, the "election must be made in writing."