DUNCAN, J.
**238 In this workers' compensation case, claimant Mark Pilling filed a claim for medical benefits which insurer Travelers Insurance denied. An administrative law judge (ALJ) reversed insurer's denial, but the Workers' Compensation Board reversed the ALJ's order and reinstated insurer's denial on the ground that claimant was a nonsubject worker because he was a partner in the business for which he worked and he had not applied for coverage as a nonsubject worker. See ORS 656.027 (providing that "all workers" are subject to the Workers' Compensation Act, except listed "nonsubject workers," including certain "partners"); ORS 656.128 (providing that nonsubject workers can apply to be covered as subject workers). The Court of Appeals affirmed the board's order. Pilling v. Travelers Ins. Co. , 289 Or. App. 715, 723, 412 P.3d 252, rev. allowed , 363 Or. 104, 420 P.3d 621 (2018). On claimant's petition, we allowed review. As explained below, we conclude that, even assuming claimant was a nonsubject worker, he is entitled to coverage because the business for which he worked made a specific written application for workers' compensation coverage for him, which *1106 insurer accepted. Therefore, we reverse the decisions of the Court of Appeals and the Workers' Compensation Board and remand to the board for further proceedings.
We begin with the relevant facts, which we take from the board's findings, and the ALJ's findings, which the board adopted. ORS 183.482(7), (8) (on judicial review in a contested case, a court reviews an agency's findings of fact for substantial evidence); ORS 656.298(7) (providing that review of workers' compensation cases shall be as provided in ORS 183.482(7) and (8) ); Multnomah County Sheriff's Office v. Edwards , 361 Or. 761, 776, 399 P.3d 969 (2017) (if an agency's findings of fact are not challenged, they constitute the facts for the purposes of judicial review). Claimant worked for ACTMESS, a business that specializes in the sale, service, and installation of satellite communications systems.[1] Since 2005, ACTMESS has been registered as a sole proprietorship with claimant's wife, Sandra **239 Pilling, as its authorized representative. Both Sandra and claimant worked for ACTMESS. Sandra developed business plans, bid on projects, communicated with clients, and did the business's paperwork and banking. Claimant provided the technical knowledge and physical labor to install and integrate the communications systems. Neither Sandra nor claimant received paychecks from ACTMESS. Instead, monies received were used to pay business expenses and any remainder was merged into the family's finances.
In August 2012, Sandra contacted Lackey Insurance Agency to secure workers' compensation coverage in order to qualify for an installation job with the City of Portland. Sandra told the agent that she wanted coverage for claimant, but not for herself. A two-part application was completed.[2] The application states that ACTMESS connects clients to "mobile command centers through satellite." It also identifies three work classifications: one for clerical work (code 8810), one for machinery dealers (code 8107), and one for electronic equipment installation, service, and repair (code 9516). Sandra is identified as the sole proprietor and her duties are described as "bookkeeping," and classified as code 8810. The application states that Sandra is to be excluded from coverage.
In a section entitled, "REMARKS," the application states:
"EMPLOYEE (MARK PILLING, HUSBAND) HAS BEEN COMPUTER TECH FOR OVER 15 YEARS AND IN THIS LINE OF BUSINESS SINCE 1970. SANDRA IS A SMALL BUSINESS CONSULTANT. THEY HAVE EXPERIENCE RUNNING OWN BUSINESS FOR OVER 20 YEARS, NO EMPLOYEES."
(Capitalization in original.) After the application was submitted, an underwriting analyst with the National Council on Compensation Insurance, Inc. (NCCI) contacted Lackey twice for additional information and received written **240 responses. The analyst first asked for additional information about the nature of the business and the duties performed, which was provided. The analyst then asked, "Who is performing the installation duties of satellite dishes? Can employees [and] payroll be separated for this? If so, please advise." In response, NCCI was informed, "Employee installs, services and repairs satellite dishes. $1500 of 8107 payroll can be put toward this. There is only one employee and he does everything."
Thereafter, insurer was assigned as the servicing carrier. Insurer subsequently issued a policy to ACTMESS, effective from August 23, 2012 through August 23, 2013.
ACTMESS was awarded the installation job with the City of Portland. In December 2012, claimant and Sandra travelled from their home in LaGrande and stayed near Portland for the job. While driving to the worksite on the last day of the job, claimant was involved in a vehicle accident, which resulted in physical injuries.
*1107 Claimant filed a claim for workers' compensation benefits for his injuries. Insurer denied the claim. Claimant challenged the denial. A hearing was held, at which the only issue was whether claimant was a "subject worker."[3] ORS 656.027 provides that all "workers" are subject to the Workers' Compensation Act, except listed "nonsubject workers," which include "sole proprietors" and "partners," with some exceptions that are not relevant here. ORS 656.128 provides that certain nonsubject workers can apply "to become entitled as a subject worker to compensation benefits."
After the hearing, the ALJ reversed insurer's denial. On administrative review, the Workers' Compensation Board reversed the ALJ's order and reinstated insurer's denial. The board concluded that claimant was not subject to the Workers' Compensation Act because he was a partner in ACTMESS and, therefore, he was a nonsubject worker **241 under ORS 656.027, and he had not applied for coverage under ORS 656.128.
On judicial review, the Court of Appeals affirmed the board's order, holding that the board's determination that claimant was a partner was supported by substantial evidence, Pilling , 289 Or. App. at 722, 412 P.3d 252, and that, although Sandra had applied for workers' compensation coverage specifically for claimant and had specified his work duties and wages, the application "failed to provide the required notification that [she] was seeking coverage for a partner," id. at 723, 412 P.3d 252, and, therefore, was insufficient to secure coverage for claimant, id . On claimant's petition, we allowed review.
On review, claimant argues that, even assuming ACTMESS was a partnership and he was a partner, ACTMESS's application for workers' compensation coverage for him met the requirements for an application for coverage for a nonsubject worker under ORS 656.128 and, therefore, he was eligible for workers' compensation benefits. Insurer disagrees, asserting that the Court of Appeals correctly held that ACTMESS's application was not sufficient because it did not specify that claimant was a partner.
The parties' arguments require us to interpret ORS 656.128. When interpreting a statute, our task is to discern the legislature's intent. PGE v. Bureau of Labor and Industries , 317 Or. 606, 610, 859 P.2d 1143 (1993) ("In interpreting a statute, the court's task is to discern the intent of the legislature."); ORS 174.020(1)(a) ("In the construction of a statute, a court shall pursue the intention of the legislature if possible.") To do so, we apply our familiar methodology, looking first to the text of the statute, in context, which is the best evidence of the legislature's intent. State v. Gaines , 346 Or. 160, 171, 206 P.3d 1042 (2009).
ORS 656.128 provides, in part:
"(1) Any person who is a sole proprietor, or a member, including a member who is a manager, of a limited liability company, or a member of a partnership, or an independent contractor pursuant to ORS 670.600, may make written application to an insurer to become entitled as a subject worker to compensation benefits. Thereupon, the insurer may accept such application and fix a classification and an **242 assumed monthly wage at which such person shall be carried on the payroll as a worker for purposes of computations under this chapter.
"(2) When the application is accepted, such person thereupon is subject to the provisions and entitled to the benefits of this chapter."
The text of ORS 656.128 supports several conclusions. First, it shows that the purpose of the statute is to provide a means for certain nonsubject workers to obtain workers' compensation coverage; it provides that a sole proprietor, a member of limited liability company, a partner, or an independent contractor may apply "to become entitled as a subject worker to compensation benefits." Second, it indicates that the statute concerns applications for coverage for a specific person;
*1108 it uses the singular term "person" throughout. Third, it requires that applications for coverage be in writing, but it does not specify any other requirements for the form or content of the applications. And, fourth, it indicates that the purpose of the written application is to provide a prospective insurer with the information it needs to determine the rate for the requested coverage; it states that, upon receiving an application, an insurer may accept the application and "fix a classification and an assumed monthly wage."[4] Thus, the text indicates that an application for workers' compensation coverage pursuant to ORS 656.128 must be a written application for coverage of a specific person and must contain information from which a prospective insurer can determine the person's work classification and wage for coverage purposes.
The parties have not identified, and we have not found, any case law or legislative history that addresses the required contents of an application for coverage pursuant to ORS 656.128, although, as both parties note, the Court of Appeals has held that no particular form is required for such an application. SAIF v. D'Lyn , 74 Or. App. 64, 68, 701 P.2d 470 (1985). Consequently, we rely on the text of the statute, **243 and we conclude that the requirements for an application for coverage under ORS 656.128 are those indicated by the text: the application must request coverage for a specific person, it must be in writing, and it must contain information from which a prospective insurer can determine the person's work classification and wage in order to set a preliminary rate for the coverage.
The application ACTMESS made for coverage for claimant satisfies those requirements. It conveys that Sandra, acting for ACTMESS, is applying for workers' compensation coverage specifically for claimant. Claimant is identified both by name and by his relationship to Sandra. As quoted above, the "REMARKS" section of the application begins by referring to "EMPLOYEE (MARK PILLING, HUSBAND)." The application describes the nature of the business and the duties of the workers and it includes the classification codes for those duties. It conveys that Sandra and claimant are the only persons who work for ACTMESS, and it specifies that Sandra is electing not to be covered. Moreover, the initial application was supplemented by the written responses to NCCI's inquiries, which provided additional information about claimant's specific duties and wages, including that "Employee installs, services and repairs satellite dishes. $1500 of 8107 payroll can be put toward this. There is only one employee and he does everything ." (Emphasis added.) Thus, the application was for coverage for a specific, identified individual, whose duties were described and whose wage information was provided.
Based on the content of the application ACTMESS made for coverage for claimant, we conclude that-even assuming claimant was a partner in ACTMESS-the application meets the requirements of ORS 656.128. Insurer accepted that application and, therefore, claimant was "entitled as a subject worker to compensation benefits." ORS 656.128(2).
As mentioned, insurer argues that the application at issue in this case does not meet the requirements of ORS 656.128, because, in its view, claimant is a partner, and the application does not specify that he is a partner. But nothing in the text of ORS 656.128 requires that the application **244 specify the applicant's legal status. Insurer contends that the applicant's legal status is necessary to accurately assess policy premiums, but insurer has offered no cogent explanation as to why that is the case. And the text of the statute, which indicates that the premium is based on the applicant's work classification and assumed wage, suggests that it is not.[5] *1109 Insurer also argues that, if applicants do not have to specify their legal status, "then all non-subject workers [will] automatically be allowed coverage upon any application for benefits." That is not correct. Coverage for a nonsubject worker pursuant to ORS 656.128 requires an application that specifically identifies the worker and must contain the information necessary to determine the worker's work classification and assumed wage. A general application for coverage for all employees of a business is not sufficient to secure coverage for a nonsubject worker. But, for the reasons explained above, ACTMESS's application for coverage for claimant was not such a general application.
The decision of the Court of Appeals is reversed. The order of the Workers' Compensation Board is reversed, and the case is remanded to the board for further proceedings.

ACTMESS stands for "Always Connected Technologies, Mobile Emergency Support Systems."

The first part is entitled "Workers Compensation Application," and the second is entitled "Workers Compensation Insurance Plan Assigned Risk Section." (Capitalization modified.) The content of the application indicates that both parts were completed by Jacquelyn Harvey, an employee of Lackey Insurance, on behalf of Sandra, acting for ACTMESS.

Claimant asserted, and insurer did not dispute, that he was a "traveling employee" for the purposes of his claim. See SAIF v. Reel , 303 Or. 210, 215-16, 735 P.2d 364 (1987) (observing that, under Court of Appeals case law, employees traveling for work are within the course of their employment continuously during their trips, unless a distinct departure on a personal errand is shown) (citing Simons v. SWF Plywood Co. , 26 Or. App. 137, 143, 552 P.2d 268 (1976) ).

The information in the application enables the insurer to set a rate for coverage, but-as the policy issued by insurer in this case states-an insured can be audited and the rate can be adjusted if the audit reveals information that differs from that in the application.

Insurer points out that there is a section on the "Workers Compensation Application" form for specifying whether "PARTNERS, OFFICERS, RELATIVES" are to be included or excluded from coverage. That section states that Sandra is the sole proprietor of ACTMESS and that she is to be excluded from coverage. Although claimant's information does not appear in that section, it is apparent from the application read as a whole that the application is for coverage of claimant, who is identified by name and as Sandra's husband and is described as the business's "one employee" who "does everything."